UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICKY CURRY                                                                                             PETITIONER

VERSUS                                                           CIVIL ACTION NO. 3:19CV349-TSL-RPM

WARDEN C. NASH                                                                                      RESPONDENT

## REPORT AND RECOMMENDATIONS

Petitioner Ricky Curry has filed a *pro se* 28 U.S.C. § 2241 petition for writ of habeas corpus challenging a disciplinary proceeding that resulted in loss of good-conduct time. Doc. [1]. At the time of the disciplinary hearing, Curry was a federal inmate housed at the Federal Correctional Complex in Yazoo City, Mississippi. He is currently serving a 360-month prison sentence on federal drug charges. *Id.* at 1; Doc. [9] at 2; [10] at 1.

On May 17, 2018, prison officers at FCC-Yazoo City conducted a "surprise shakedown" which resulted in the following charges being leveled against Curry: (1) possession of a hazardous tool (electronic device); (2) refusing to obey an order; and (3) assault on a staff member. Doc. [2-4]. According to the Disciplinary Hearing Officer's (DHO) report, Curry admitted to possession of a cellphone and refusing to obey an order; however, he denied the assault charge. *Id.* at 1.

The DHO conducted a hearing on May 29, 2018. According to the DHO's findings (*see* Doc. [2-4] at 2-3), Officer Borrali reported that he observed Curry enter his cell at a fast pace. Borrali followed Curry into the cell and noticed that Curry was using a locker in an attempt to block the officer's view of Curry's hands and waist. Officer Borrali ordered Curry to step away from the locker and make his hands visible. Curry did not comply. As the officer shifted his position to get a better view, Curry charged towards him and "tried to tackle [Borrali] with his shoulder." Officer Borrali grabbed Curry to prevent his escape from the cell and repeatedly

ordered Curry to stop and lie on the ground. Curry refused to obey. During the struggle, Borrali saw Curry throw a black object. After Curry threw the object, he complied with the officer's orders to stop resisting. Officer Cole reported that he saw the object thrown from the cell and recovered what turned out to be a cellphone. Based on the evidence, the DHO found that Curry committed the acts as charged. Doc. [2-4] at 2. The DHO imposed sanctions, which included loss of good-conduct time; disciplinary segregation; as well as phone, commissary, and email restrictions. *Id.* at 3.

## Law and Analysis

Curry lost 68 days of good-conduct time because of the prison disciplinary proceedings against him. A federal prisoner holds a protected liberty interest in good-conduct time; therefore, due process protections must be afforded prior to its revocation. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *see also Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). However, the Supreme Court has explained that "the full panoply of rights due a defendant in [criminal] proceedings" do not apply in prison disciplinary proceedings. *Wolff*, 418 U.S. at 556. Under *Wolff*, due process is satisfied when the inmate is given: (1) at least 24 hours advance written notice of the charges; (2) an opportunity to present witness testimony and documentary evidence; (3) assistance at the hearing if requested; (4) an impartial tribunal; and (5) a written statement of the evidence relied upon and the reason for the disciplinary action. *Id*. at 563-70. The Court also must ensure that sufficient evidence supports the charged offense. In prison disciplinary actions, due process is satisfied when there is "some evidence" to show that the inmate committed the charged offense. *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). As will be explained below, all the basic due process requirements were met in this case.

**(1) <u>Advance Notice</u>**

It is undisputed that Curry received at least 24 hours advance notice of the charges. As reflected in the records, a staff member provided Curry a copy of the incident report on May 18, 2018—the day after the incident. Doc. [2-4] at 1. The disciplinary hearing was then conducted on May 29, 2018—more than 24 hours later. *Ibid.*

**(2) <u>Opportunity to Present Evidence and Testimony</u>**

Curry asserts that he was not provided or allowed to review video evidence and the investigative report from the incident. As such, the evidence was not presented to the DHO for consideration. On May 22, 2018, Curry's unit counselor advised him of his rights as it related to the disciplinary hearing. Doc. [2] at 1. However, according to Curry, the unit counselor advised him that he would not need a staff representative to review the video footage because the Special Investigation Supervisor would review the video footage as part of an investigation. Doc. [2-1]. Curry states that the DHO did not review video footage of the incident because Curry had declined the opportunity to have a staff representative. *Ibid.* There is nothing in the record indicating whether any video footage or SIS investigative report of the incident existed. The DHO findings are silent regarding both. The DHO report does not reflect whether Curry requested that the video evidence or SIS investigative report be presented in his defense. Indeed, Curry does not deny that he was generally afforded an opportunity to present evidence and testimony at the hearing. He merely asserts that there was a misunderstanding or misinformation regarding whether he would be allowed to view the video footage of the incident in question. Regardless, Curry's claim fails to rise to the level of a due process violation.

The DHO's failure to watch surveillance footage, assuming such footage exists, did not violate Curry's due process rights. *See Arceneaux v. Pearson*, 449 F.App'x 396, 398 (5th Cir.

3

2011); *Neal v. Casterline*, 129 F.App'x 113 (5th Cir. 2005); *Clements v. Dobre*, 273 F.3d 1107, 1107 (5th Cir. 2001). Moreover, although Curry speculates that the evidence would have demonstrated that he was innocent of the charges, his assertion falls short of demonstrating prejudice. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Curry admitted to possessing contraband, though he does not identify precisely what contraband he possessed. He simply denies that the contraband was a cell phone. Curry denied assaulting Officer Borrali. In Curry's version of the events, as related at the hearing, Curry tried to run out of the room, but Borrali pushed him into the locker. Doc. [2-4] at 3. In reporting the incident to a medical provider, Curry said the "officer tried to grab me to keep me from leaving out the room and scratched me." Doc. [2-9]. In other words, Curry does not deny that he attempted to exit the cell; nor does he deny that there was physical contact between himself and Borrali. In fact, the physical contact was violent enough that it resulted in injuries to both Curry and the officer.[1] Presumably the video evidence, if it exists, would have shown Curry and the officer coming into contact as Curry moved to exit the cell. What the video evidence could not demonstrate is Curry's state of mind or intention, i.e., whether he was moving towards the officer merely to escape the cell or whether he was moving towards the officer to assault him.

**(3) Assistance at Hearing**

The record reflects that Curry declined the opportunity to have assistance from a staff representative at the hearing. Doc. [2-1] at 1; [2-4] at 1. Although Curry argues he declined this opportunity under the false impression that he would be able to view video footage even without a staff representative; the fact remains that Curry was offered representation and declined it.

---

[1] Curry's medical report indicates that he suffered an "abrasion to his left upper buttocks" from the incident. Doc. [2-9]. The DHO also considered a photograph and injury assessment of Borrali's "minor injury to his left hand" that resulted from the incident. Doc. [2-4] at 2.

4

Moreover, Curry did not have a constitutionally protected right to representation during the hearing, because there is no indication in the record that he is illiterate or that the complexity of the issues required it.  *See Wolff*, 418 U.S. at 570; *Arceneaux*, 449 F.App'x at 398-99.

**(4) <u>Impartial Tribunal</u>**

Curry alleges that the DHO was biased.  He fails to allege any facts in support of this assertion.  Curry merely complains that the DHO accepted the officer's version of events rather than Curry's.  This unsupported allegation fails to raise a due process claim.  *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Davis v. Bragg*, No. EP-10-CV-288-FM, 2011 WL 1868382, at *4 (W.D.Tex. May 13, 2011).  Moreover, the weighing of evidence and witness credibility are solely within the province of the hearing officer.  *See Scope v. Wright*, No. 7:14-CV-002-O, 2015 WL 2152795, at *2-3 (N.D.Tex. May 6, 2015).

**(5) <u>Written Statement of Evidence</u>**

The DHO in this case provided a detailed written statement of the evidence, thereby satisfying due process requirements.  Doc. [2-4] at 2-3.  This evidence included the written statement of Officer Borrali who was involved in the physical altercation with Curry; a chain of custody log and photograph sheet relating to the cellphone that was recovered; a memorandum from Officer Cole who observed and recovered the cellphone thrown by Curry; a photograph sheet and staff injury assessment of Officer Borrali; a medical report relating to Curry's injuries from the incident; and Curry's statements regarding the incident.

**(6) <u>Sufficiency of the Evidence</u>**

Curry's contention that the evidence was insufficient to support the charges against him is without merit.  When considering a due process claim challenging the sufficiency of the evidence, the court must consider "whether any evidence at all" supports the DHO's conclusion.

*Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981); *see Pina v. Tamez,* 470 F. App'x 298, 299 (5th Cir. 2012) (explaining that a disciplinary proceeding will only be overturned "where there is no evidence whatsoever" to support the conclusion).  Officer Borrali and Officer Cole provided statements indicating that Curry possessed a cellphone.  Officer Borrali also provided a statement that Curry assaulted him.  Eyewitness testimony offered by the reporting officers constitutes "some evidence" in support of a DHO's decision.  *See Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (holding that the Incident Report "standing alone" was sufficient to meet the "some evidence" standard).

## **RECOMMENDATION**

Based on the foregoing, the undersigned finds that Curry's due process rights were satisfied; therefore, the undersigned recommends that Curry's 28 U.S.C. § 2241 petition be denied.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objects are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days

6

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED AND ADJUDGED, this the 8th day of November 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE